Attorneys for Plaintiff:

   Brett Freeman: Bar Number PA 308834
   FREEMAN LAW
   210 Montage Mountain Road
   Moosic, PA 18507
   Phone (570) 589-0010
   Facsimile (570) 456-5955
   Email brett@freeman.law

Attorneys for Defendant:

   Spencer M. Schulz: Bar Number 33361 *(PRO HAC VICE)*
   Messer, Strickler, Burnette, LTD
   12276 San Jose Blvd., Suite 718
   Jacksonville, FL 32223
   Phone 904-527-1172
   Email sschulz@messerstrickler.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Robbin Sicher,<br>           Plaintiff,<br>v.<br>LVNV Funding, LLC,<br>           Defendant. | Docket 3:23-cv-00492-RDM<br><br>(Judge Robert D. Mariani)<br><br>FILED ELECTRONICALLY |

**PROPOSED JOINT CASE MANAGEMENT PLAN**

Instructions: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.     Principal Issues**

1.1     Separately for each party, please give a statement summarizing this case:

By Plaintiff:

Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the Act"), which regulates, *inter alia*, unfair litigation conduct, by requiring Plaintiff to appear at a debt collection hearing where Defendant knew it would be unable to introduce even a scintilla of admissible evidence to support its argument that it owned the Account. Prior to this hearing, Plaintiff's counsel had advised Defendant that Plaintiff would be defending the lawsuit. This conduct violations 15 U.S.C. § 1692f. *See Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128 (2d Cir. Nov. 14, 2017) and *Destro v. Tsarouhis Law Group, LLC, et al.*, 2019 WL 1327365 (M.D. Pa. March 25, 2019).

By Defendant:

Defendant, LVNV Funding, LLC ("LVNV"), through its counsel Pressler Felt & Warshaw, LLP ("Pressler"), filed suit against Plaintiff to collect

a debt she owes to the company. Prior to a hearing in the collection suit, Plaintiff's counsel emailed Pressler a letter opining that LVNV needed a live witness to prevail. After LVNV proceeded to the hearing relying on the documents in its possession, Plaintiff filed the instant lawsuit claiming that LVNV violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by not producing a live witness at the hearing. Plaintiff's claims fail for several reasons, including that nothing in the FDCPA sets forth evidentiary requirements for collection suits, let alone requires a debt collector to produce a live witness.

1.2   The facts the parties <u>dispute</u> are as follows:

      None at this time.

1.3   The legal issues the parties <u>dispute</u> are as follows:

      Whether the relevant debt is a "debt" for purposes of the FDCPA.

      Whether LVNV qualifies as a "debt collector" for purposes of the FDCPA in this case.

      Whether knowledge of Plaintiff's counsel's email to Pressler may be imputed on LVNV.

      Whether the FDCPA requires a debt collector to produce a live witness in a collection suit.

1.4   Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

      None.

1.5 Identify any named parties that have not yet been served:

    None.

1.6 Identify any additional parties that:

    Plaintiff(s) intends to join:  None at this time.

    Defendant(s) intends to join: None at this time.

1.7 Identify any additional claims that:

    Plaintiff(s) intends to add:  None.

    Defendant(s) intends to add: None at this time.

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Robbin Sicher</u> | Plaintiff |

Disclosed by <u>Defendant LVNV Funding, LLC</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| TBD depending on topics of inquiry sought in discovery | Corporate Designee |

**3.0   Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>               <u>Moving Party</u>               <u>Anticipated Filing Date</u>

**4.0   Discovery**

4.1   Briefly describe any discovery that has been completed or is in progress:

> By Plaintiff(s):  Plaintiff will serve disclosures under Rule 26(a)(1) and written discovery requests.

> By Defendant(s):  Defendant will serve disclosures under Rule 26(a)(1) and written discovery and will take depositions.

4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

> Depositions of the authorized representative of Defendant and Plaintiff, and written discovery regarding the claims at issue.

4.3   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

> For Plaintiff: None.

>	For Defendant: Plaintiff has not yet indicated what particular discovery he plans to engage in. While Defendant does not anticipate any issues, it retains its right to object in due course and in accordance with the law.

4.4	Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

>	None at this time.

4.5	For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

>	4.5.1   depositions (excluding experts) to be taken by:
>
>	Plaintiff requests up to **10** depositions for each party.
>
>	Defendant requests up to **3** depositions for each party.
>
>	4.5.2   interrogatories to be served by:
>
>	Plaintiff requests up to **40** interrogatories per party.
>
>	Defendants requests up to **25** interrogatories per party.
>
>	4.5.3   document production requests to be served by:
>
>	Plaintiff(s):  **40**     Defendant(s):    **40**
>
>	4.5.4   requests for admission to be served by:
>
>	Plaintiff(s):  **40**     Defendant(s):    **40**

4.6	Discovery of Electronically Stored Information

☒ Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

> The parties have agreed to reasonably exchange e-discovery information, and that the information will be exchanged in native format and PDF format.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

**5.0   Protective Order**

5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

> No protective order is sought at this time.

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0   Scheduling**

6.1   Final date for joining additional parties:

> <u>February 29, 2024</u>  Plaintiff(s)
>
> <u>February 29, 2024</u> Defendant(s)

6.2   Final date for amending pleadings:

> <u>February 29, 2024</u> Plaintiff(s)
>
> <u>February 29, 2024</u> Defendant(s)

6.3   All fact discovery commenced in time to be completed by:

        April 26, 2024

6.4    All potentially dispositive motions should be filed by:

        September 27, 2024

6.5    Reports from retained experts due:

    from plaintiff(s) by May 31, 2024

    from defendant(s) by June 28, 2024

6.6    Supplementations due July 26, 2024

6.7    All expert discovery commenced in time to be completed by August 30, 2024

6.8    This case may be appropriate for trial in approximately:

      ___  240 Days from the filing of the action in this court
      _X_  365 Days from the filing of the action in this court
      ___  Days from the filing of the action in this court

6.9    Suggested date for the final Pretrial Conference:

        October 25, 2024 (month/year)

6.10  Trial

     6.10.1 Suggested Date for the Trial:

          November / 2024 (month/year)

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

  I hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

<u>Robbin Sicher</u>
Name

<u>Plaintiff</u>
Title

<u>46 E. Vaughn Street, Apt. 2</u>
<u>Kingston, PA 18704</u>
Address

<u>(570) 900-1223</u>  Daytime Telephone

For Defendant LVNV Funding, LLC**:**

Brent Yandle
Corporate Counsel for LVNV
c/o Lauren M. Burnette, Esq.

**8.0    Alternative Dispute Resolution ("ADR")**

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure: Mediation. At the mediation, each party's counsel and Plaintiff will appear in-person. Additionally, an officer of Defendant who has the full authority to settle the case on any terms will also appear in-person.

Date ADR to be commenced: One week after close of discovery.

Date ADR to be completed: Three weeks after close of discovery.

8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c), to have a magistrate judge handle all the remaining pretrial aspects of this case and preside over a jury or court trial, with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:
    ____Y  _X_ N

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    ____    Scranton/Wilkes-Barre

    ____    Harrisburg

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0   Identification of Lead Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

        For Plaintiff:

Brett Freeman
FREEMAN LAW
210 Montage Mountain Road
Moosic, PA 18507
(570) 589-0010

For Defendant:

Lauren M. Burnette

Messer, Strickler, Burnette, LTD

12276 San Jose Blvd., Suite 718

Jacksonville, FL 32223

Phone 904-527-1172

DATED:  6/7/2023        *s/ Brett Freeman*
Attorney(s) for Plaintiff(s)
☒ ECF User(s)
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*
Brett Freeman
Bar Number PA 308834
FREEMAN LAW
210 Montage Mountain Road
Moosic, PA 18507
Phone (570) 589-0010
Facsimile (570) 456-5955
Email brett@freeman.law

DATED:  6/7/2023        *Lauren M. Burnette (with consent)*
Attorney(s) for Defendant(s)
☒ ECF User(s)
☐ Waiver requested (as separate document)
☒ Fed.R.Civ.P.7.1 (statement filed if necessary)*
Spencer M. Schulz: Bar Number 92412

Messer, Strickler, Burnette, LTD

12276 San Jose Blvd., Suite 718

Jacksonville, FL 32223

Phone 904-527-1172
Email lburnette@messerstrickler.com

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.